FILED
CLERK, U.S. DISTRICT COURT

October 29, 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___IM___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR BELTRAN,<br><br>Defendant. | Case No. 2:20-CR-00473-JAK<br><br>ORDER OF DETENTION |

    On October 21, 2020, Defendant Hector Beltran made his initial appearance on the indictment filed in this matter. Oliver P. Cleary of the Indigent Defense Panel was appointed to represent Defendant. At Defendant's request, the detention hearing was continued to October 29, 2020. At that time, Defendant submitted to detention.

☒   On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒   On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

☒   On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered the initial and supplement reports and recommendations of the U.S. Pretrial Services Agency.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Conflicting information regarding status in the United States. Family members told the Pretrial Services Agency that Defendant was born in Mexico, in 2018 he was removed from the United States; however, Defendant told the Pretrial Services Agency that he is a United States citizen;

☒ In 2015, Defendant was charged with illegal entry and alien inadmissibility;

☒ Defendant has previously used methamphetamine and cocaine;

☒ Unrebutted presumption.

As to danger to the community:

☒ The updated report of the Pretrial Services Agency contains the following information, provided by the case agent: At the time of Defendant's arrest, the following was discovered in the Defendant/family residence: two firearms in a freezer; a loaded firearm magazine in a bedroom that Defendant shared with Co-Defendant Beltran-Torres, along with heroin; and two to three pounds (each) of heroin and methamphetamine in the garage, which is currently being tested by law enforcement;

☒ Defendant has sustained felony convictions for possession of a controlled substance for sale and for transportation of a controlled substance for sale and a misdemeanor conviction for domestic violence with injury;

☒ The Indictment alleges that after sustaining the convictions listed above, Defendant possessed firearms and ammunition, as described in Counts Two and Seven therein;

☒ The Indictment alleges that Defendant, along with the Co-Defendant, distributed heroin in October 2019 and September 2020;

☒ Defendant has previously used methamphetamine and cocaine;

☒ Unrebutted presumption.

     IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: October 29, 2020

                                                    /s/
                                    PATRICIA DONAHUE
                         UNITED STATES MAGISTRATE JUDGE