TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ELIA HERRERA (Cal. Bar No. 293278)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2024
    Facsimile: (213) 894-0141
    Email:    elia.herrera@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>         v.<br><br>HECTOR BELTRAN,<br>  aka "Hector Daniel Beltran"<br>  and "Hector Danieltor<br>  Beltran,"<br><br>       Defendant. | No. 20-CR-00473-JAK-2<br><br>PLEA AGREEMENT FOR DEFENDANT<br>HECTOR BELTRAN |

    1.   This constitutes the plea agreement between Hector Beltran ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count fifteen of

1   the indictment in <u>United States v. Hector Beltran</u>, No. 20-CR-00473-

2   JAK-2, which charges defendant with distribution of heroin, in

3   violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i).

4             b.   Not contest facts agreed to in this agreement.

5             c.   Abide by all agreements regarding sentencing contained

6   in this agreement.

7             d.   Appear for all court appearances, surrender as ordered

8   for service of sentence, obey all conditions of any bond, and obey

9   any other ongoing court order in this matter.

10             e.   Not commit any crime; however, offenses that would be

11   excluded for sentencing purposes under United States Sentencing

12   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

13   within the scope of this agreement.

14             f.   Be truthful at all times with the United States

15   Probation and Pretrial Services Office and the Court.

16             g.   Pay the applicable special assessment at or before the

17   time of sentencing unless defendant has demonstrated a lack of

18   ability to pay such assessment.

19     3.   Defendant further agrees:

20             a.   To forfeit all right, title, and interest in and to

21   any and all monies, properties, and/or assets of any kind, derived

22   from or acquired as a result of, or involved in, the illegal activity

23   to which defendant is pleading guilty, specifically including, but

24   not limited to, the following:

25             i.   A Ruger, Model P89, 9x19mm caliber, semi-

26   automatic pistol, bearing serial number 305-60783;

27             ii.   11 rounds of Federal Cartridge Company 9mm Luger

28   ammunition;

1            iii. A 9mm caliber pistol, with unknown manufacturer

2  and bearing no serial number;

3            iv.  One high capacity magazine;

4            v.   14 rounds of Cascade Cartridge Inc. 9mm Luger

5  ammunition;

6            vi.  10 rounds of Olin Corporation 9mm Luger

7  ammunition;

8            vii. Five rounds of RWS 9mm Luger ammunition;

9            viii.   One round of Hornady Manufacturing, Inc. 9mm

10 Luger ammunition;

11           ix.  One round of Sig Sauer 9mm Luger ammunition;

12           x.   One round of Tula Cartridge Works 9mm Luger

13 ammunition;

14           xi.  One round of Poongsan Corporation 9mm Luger

15 ammunition; and

16           xii. One round of Fiocchi Ammunition 9mm Luger

17 ammunition.

18       b.   To the Court's entry of an order of forfeiture at or

19 before sentencing with respect to the Forfeitable Property and to the

20 forfeiture of the assets.

21       c.   To take whatever steps are necessary to pass to the

22 United States clear title to the Forfeitable Property, including,

23 without limitation, the execution of a consent decree of forfeiture

24 and the completing of any other legal documents required for the

25 transfer of title to the United States.

26       d.   Not to contest any administrative forfeiture

27 proceeding or civil judicial proceeding commenced against the

28 Forfeitable Property.  If defendant submitted a claim and/or petition

for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or requirements of the government to commence forfeiture actions pursuant to 18 U.S.C. § 924(d)(1).

e.   Not to assist any other individual in any effort to falsely contest the forfeiture of the Forfeitable Property.

f.   Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

g.   To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

i.   That with respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus, or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the

forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, subject to the statutory mandatory minimum, provided that the offense level used by the Court to determine that range is 21 or higher and provided that the Court does not depart

downward in offense level or criminal history category.  For purposes
of this agreement, the low end of the Sentencing Guidelines range is
that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSE</u>

5.  Defendant understands that for defendant to be guilty of
the crime charged in count fifteen, that is, distribution of heroin,
in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i), the following
must be true: (1) defendant knowingly and intentionally distributed
heroin; and (2) defendant knew that it was heroin or some other
federally controlled substance.

To "distribute" a controlled substance means to transfer
possession of it to another person, with or without any financial
interest in the transaction.  It does not matter whether defendant
knew that the substance was heroin.  It is sufficient that defendant
knew that it was some kind of federally controlled substance.

Defendant understands that defendant can also be found guilty of
possession with intent to distribute heroin, as charged in count
fifteen of the indictment, if defendant aided and abetted another
person in the commission of the crime.  To be found guilty of the
crime charged in the indictment through aiding and abetting, the
following must be true: (1) another person committed the crime of
possession with intent to distribute heroin; (2) defendant aided,
counseled, commanded, induced or procured that person with respect to
at least one element of that possession with intent to distribute
heroin; (3) defendant acted with the intent to facilitate that
possession with intent to distribute heroin; and (4) defendant acted
before the crime was completed.

6.    Defendant understands that for defendant to be subject to the statutory maximum and statutory mandatory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant distributed at least 100 grams of heroin.  Defendant admits that defendant, in fact, distributed at least 100 grams of heroin, as described in count fifteen of the indictment.

<u>PENALTIES</u>

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i), as charged in count fifteen, is: 40 years' imprisonment; a lifetime period of supervised release; a fine of $5,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i), as charged in count fifteen, is: five years' imprisonment; a four-year period of supervised release; and a mandatory special assessment of $100.

9.    Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

10.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that

if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty

in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

13.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

<u>The September 18, 2020 Distribution</u>

On or about September 18, 2020, in Los Angeles County, within the Central District of California, defendant Hector Beltran, aka "Hector Daniel Beltran" and "Hector Danieltor Beltran," along with an associate ("Associate 1"), each aiding and abetting the other, knowingly and intentionally distributed at least 100 grams, that is, approximately 201.2 grams, of heroin, a Schedule I narcotic drug controlled substance.

Specifically, on September 17, 2020, Associate 1 arranged to sell two firearms and eight ounces of heroin, the next day, to a person he believed to be a firearm and heroin customer, but who was,

in fact, a confidential informant ("CI") working with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  The next day, September 18, 2020, Associate 1 told the CI that Associate 1 was in Mexico, so defendant would sell the firearm and heroin to the CI.  On September 18, 2020, the CI went to the home shared by defendant and Associate 1, and asked for defendant, who came to the door. Defendant gave the CI (1) a 9mm caliber pistol, with an unknown manufacturer and bearing no serial number (commonly referred to as a "ghost gun"), loaded with a high-capacity magazine containing 34 rounds of ammunition, which defendant obtained from the home's detached garage, and (2) a drink receptable containing approximately 201.2 grams of heroin, which defendant obtained from the home's refrigerator.  The CI asked defendant about a second firearm that Associate 1 had agreed to sell the CI, and defendant first said he did not know about the firearm, and then said that Associate 1 did not want to sell it.  The CI paid defendant $4,500 for the firearm, magazine, ammunition, and heroin.

At all relevant times, defendant knew that the substance he gave the CI was heroin, and defendant intended to distribute that substance to another person.  At all relevant times, defendant possessed the firearm and ammunition that he sold to the CI in connection with the heroin distribution.

Additional Conduct

Defendant and Associate 1, each aiding and abetting the other, also knowingly and intentionally distributed heroin, a Schedule I narcotic drug controlled substance, to the CI on another occasion.

Specifically, in October 2019, Associate 1 arranged to sell a firearm and two ounces of heroin to the CI.  Associate 1 and the CI

agreed that the sale would take place at defendant's and Associate 1's home on October 8, 2019.  Associate 1 told the CI that Associate 1 would be in Mexico, so defendant would conduct the transaction.  On October 8, 2019, the CI met with defendant at defendant's and Associate 1's home, in Los Angeles County, within the Central District of California.  There, defendant said Associate 1 had told him about the intended sale, and retrieved the following items from the home's garage, which defendant gave to the CI: (1) a Ruger, Model P89, 9 x 19 mm caliber, semi-automatic pistol, bearing serial number 305-60783, and loaded with 11 rounds of ammunition; and (2) a clear, vacuum-sealed plastic bag containing approximately 42.6 grams of heroin.  The CI paid defendant $1,600 for the firearm, ammunition, and heroin.

At all relevant times, defendant knew that the substance he gave the CI was heroin, and defendant intended to distribute that substance to another person.  At all relevant times, defendant possessed the firearm and ammunition that he sold to the CI in connection with the heroin distribution.

<u>SENTENCING FACTORS</u>

14.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will

be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

15.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level [Between | 24 | U.S.S.G. §§ 2D1.1(a)(5), |
| 100 and 400 grams of Heroin] | | (c)(8) |
| Dangerous Weapon | +2 | U.S.S.G. § 2D1.1(b)(1) |
| Minor Role | -2 | U.S.S.G. § 3B1.2(b) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

16.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

18.   Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.    The right to persist in a plea of not guilty.

        b.    The right to a speedy and public trial by jury.

12

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

19.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that

13

the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20.   Defendant agrees that, provided the Court imposes a term of imprisonment within or below the Guidelines Range corresponding to an offense level of 21 and the criminal history category calculated by the Court, subject to the statutory mandatory minimum, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is within the statutory maximum; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21.   The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory mandatory minimum and at or below the statutory maximum specified above, and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 21 and the criminal history category calculated by the Court, subject to the statutory mandatory

minimum, the USAO gives up its right to appeal any portion of the sentence.

WAIVER OF COLLATERAL ATTACK

22.  Defendant gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

RESULT OF WITHDRAWAL OF GUILTY PLEA

23.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on any statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to

any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

24. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

25. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

26. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

27. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge

16

that was either dismissed or not filed as a result of this agreement,
then:

a. Defendant agrees that any applicable statute of
limitations is tolled between the date of defendant's signing of this
agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on
any statute of limitations, any claim of pre-indictment delay, or any
speedy trial claim with respect to any such action, except to the
extent that such defenses existed as of the date of defendant's
signing this agreement.

c. Defendant agrees that: (i) any statements made by
defendant, under oath, at the guilty plea hearing (if such a hearing
occurred before the breach); (ii) the agreed-to factual basis
statement in this agreement; and (iii) any evidence derived from such
statements, shall be admissible against defendant in any such action
against defendant, and defendant waives and gives up any claim under
the United States Constitution, any statute, Rule 410 of the Federal
Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
Procedure, or any other federal rule, that the statements or any
evidence derived from the statements should be suppressed or are
inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

28. Defendant understands that the Court and the United States
Probation and Pretrial Services Office are not parties to this
agreement and need not accept any of the USAO's sentencing
recommendations or the parties' agreements to facts or sentencing
factors.

29.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review (to the extent that such appellate and collateral attack rights are not waived above) that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error.   While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.   Defendant understands that no one –- not the prosecutor, defendant's attorney, or the Court –- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

//

//

<u>NO ADDITIONAL AGREEMENTS</u>

31.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

32.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

_____          **12/2/2021**
ELIA HERRERA                        Date
Assistant United States Attorney

_____          11-19-21
HECTOR BELTRAN                      Date
Defendant

_____          12-1-2021
MANUEL MILLER                       Date
Attorney for Defendant
HECTOR BELTRAN

1

<u>CERTIFICATION OF DEFENDANT</u>

2      I have had enough time to review and consider this agreement,

3 and I have carefully and thoroughly discussed every part of it with

4 my attorney.  I understand the terms of this agreement, and I

5 voluntarily agree to those terms.  I have discussed the evidence with

6 my attorney, and my attorney has advised me of my rights, of possible

7 pretrial motions that might be filed, of possible defenses that might

8 be asserted either before or at trial, of the sentencing factors set

9 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

10 provisions, and of the consequences of entering into this agreement.

11 No promises, inducements, or representations of any kind have been

12 made to me other than those contained in this agreement.  No one has

13 threatened or forced me in any way to enter into this agreement.  I

14 am satisfied with the representation of my attorney in this matter,

15 and I am pleading guilty because I am guilty of the charge and wish

16 to take advantage of the promises set forth in this agreement, and

17 not for any other reason.

18

19 _____     11-19-21
HECTOR BELTRAN                            Date
20 Defendant

1

### CERTIFICATION OF DEFENDANT'S ATTORNEY

2    I am Hector Beltran's attorney.  I have carefully and thoroughly

3 discussed every part of this agreement with my client.  Further, I

4 have fully advised my client of his rights, of possible pretrial

5 motions that might be filed, of possible defenses that might be

6 asserted either before or at trial, of the sentencing factors set

7 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8 provisions, and of the consequences of entering into this agreement.

9 To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is informed and voluntary; and the factual basis set forth

14 in this agreement is sufficient to support my client's entry of a

15 guilty plea pursuant to this agreement.

16

17 MANUEL MILLER                          Date
Attorney for Defendant
18 HECTOR BELTRAN

19

20

21

22

23

24

25

26

27

28

21